UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ELIJAH PAULIN,

                        Plaintiff,

    -v-

THE CITY OF NEW YORK; The New York City Police Department ("NYPD") Officer ("P.O.") SICELIN ORTIZ (Shield No. 15825),

                        Defendants.

------------------------------------------------------------------x

**AMENDED COMPLAINT AND DEMAND FOR A JURY TRIAL**

14 Civ. 4499 (ER) (KNF)

        Plaintiff ELIJAH PAULIN, through his attorney DAVID B. RANKIN of Rankin & Taylor, PLLC as and for his amended complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff ELIJAH PAULIN's ("PAULIN") rights were violated when an officer of the NEW YORK CITY POLICE DEPARTMENT ("NYPD") unconstitutionally and without any legal basis used unlawful force against plaintiff. By reason of defendant's actions, including his unreasonable and unlawful seizure of his person, plaintiff was deprived of his constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

7. Consistent with the requirements of New York General Municipal Law § 50-e, Mr. PAULIN filed a timely Notice of Claim with the New York City Comptroller on or about October 30, 2013, within 90 days of the accrual of his claims under New York law. Thus, this Court has supplemental jurisdiction over plaintiff PAULIN's claims under New York law because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

8. Mr. PAULIN's claims have not been adjusted by the New York City Comptroller's Office.

## PARTIES

9. Plaintiff PAULIN was at all times relevant to this action a resident of the County of New York in the State of New York.

10. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

11. New York City Police Department ("NYPD") Officer ("P.O.") SICELIN ORTIZ (Shield No. 15825) ("ORTIZ") is and was at all times relevant herein, an officer, employee and agent of the NYPD.

12. The individual defendant is being sued in his individual capacities.

13. At all times relevant herein, the individual defendant was acting under color of state law in the course and scope of his duties and functions as an agent, servant, employee and officer of the NYPD and otherwise performed and engaged in conduct incidental to the performance of his lawful function in the course of his duties. He was acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in him as an officer, agent and employee of the NYPD and incidental to the lawful pursuit of his duty as an officer, employee and agent of the NYPD.

## STATEMENT OF FACTS

14. Mr. PAULIN was arrested on the sidewalk of 125th Street between 7th and 8th Avenue in the County and State of New York.

15. Mr. PAULIN was traveling on the sidewalk around noon on September 8, 2013.

16. Mr. PAULIN passed a police officer twice, wherein on the second pass the officer, P.O. ORTIZ, told Mr. PAULIN to stop riding.

17. Mr. PAULIN complied, picked up his skateboard and continued to walk with his friends.

18. P.O. ORTIZ then began to aggressively pursue Mr. PAULIN, demanding Mr. PAULIN's identification and informing Mr. PAULIN he was being ticketed.

19. P.O. ORTIZ then pushed Mr. PAULIN against a wall and slammed him onto the ground, injuring Mr. PAULIN's knee.

3

20. P.O. ORTIZ falsely swore Mr. PAULIN was riding recklessly on the sidewalk and flipping his skateboard on a crowded sidewalk resulting in four to five people having to stop and walk around Mr. PAULIN.

21. Mr. PAULIN was riding his skateboard at a slow and walking pace. Further, when P.O. ORTIZ requested Mr. PAULIN stop riding his skateboard, Mr. PAULIN complied and picked it up.

22. Mr. PAULIN was arraigned on September 9, 2013 and received an Adjournment in Contemplation of Dismissal.

23. Mr. PAULIN spent less than twenty four hours in the defendants' custody as a result of his arrest.

24. As a result of the individual defendant's use of force against him, Mr. PAULIN experienced cuts and bruising to his knee.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
### (Against the Individual Defendants)

25. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

26. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person; (b) freedom from arrest without probable cause; (c) freedom from false

imprisonment; (d) freedom from the lodging of false charges against him by police officers; and (e) freedom from having police officers fabricate evidence against him.

27. Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

### SECOND CLAIM
### *MONELL* CLAIM AGAINST A MUNICIPALITY THROUGH 42 U.S.C. § 1983
(Against the City of New York)

28. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

29. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein, to wit, quotas of arrests that police officers were to fulfill and use of unreasonable force. Defendant's acts and omissions described above were carried out pursuant to the CITY's overlapping customs and practices which were in existence on September 8, 2013 and were engaged in with the full knowledge, consent, and cooperation and under the supervisory authority of the CITY and its agency, the NYPD.

30. The acts complained of were carried out by NYPD P.O. ORTIZ in his capacity as a police officer pursuant to customs, policies, usages, practices, procedures and rules of the CITY and the NYPD, all under the supervision of ranking officers of the NYPD.

31. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline its employees and police officers, including defendant P.O. ORTIZ, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline defendant P.O. ORTIZ, concerning the proper parties who may be arrested.

32. Defendant CITY is directly liable and responsible for the defendant's acts because it repeatedly and knowingly failed to properly supervise, train, instruct, and discipline him – along with scores of other NYPD officers – and because it repeatedly and knowingly failed to enforce the rules and regulations of defendant CITY and to require compliance with the Constitution and laws of the United States.

33. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

34. Defendant CITY knew or should have known that the acts alleged herein would deprive plaintiff of his rights, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

35. Further, pursuant to the aforementioned practice and/or custom, defendant P.O. ORTIZ also felt empowered to exercise unreasonable force against plaintiff, apparently without fear that such use of force would result in disciplinary action or termination by the NYPD.

36. Plaintiff's injuries were a direct and proximate result of defendants' CITY and the NYPD's well-settled and widespread custom and practice at issue in this litigation.

37. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM
### ASSAULT AND BATTERY
### UNDER THE LAWS OF THE STATE OF NEW YORK
### (Against all Defendants)

38. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

39. By the actions described above, defendant did inflict assault and battery upon plaintiff. The acts and conduct of defendant P.O. ORTIZ were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

40. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

### FOURTH CLAIM
### FALSE ARREST AND FALSE IMPRISONMENT
### UNDER THE LAWS OF THE STATE OF NEW YORK
### (Against all Defendants)

41. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42. By the actions described above, defendant caused to be falsely arrested or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendant were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

43. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM
## ABUSE OF PROCESS
## UNDER THE LAWS OF THE STATE OF NEW YORK
(Against all Defendants)

44. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

45. By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm the plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to the plaintiff, which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

46. As a result of the foregoing, the plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

47. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

b. That he be awarded punitive damages against the individual defendants; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated:   New York, New York
September 5, 2014

Respectfully submitted,

By: _____
David B. Rankin
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 1007
Ph: 212-226-4507